STEWART *v.* VAIL and others.

S. by will, after giving legacies to Louisa and his other daughters, directed that there should be paid to each of them the further sum of $25,000 on their attaining twenty-five years of age ; and in case of the death of any one of them under that age, leaving issue living at the time when payment would have been made, such issue to take the sum which would have been paid to the parent. Louisa died under the age of twenty-five years, but left issue : *Held,* to be a valid executory bequest, under the statute, in such children, and that the money did go to the wife's administrator.

1841.

STEWART
*v.*
VAIL.

*Will.
Executory
bequest*

LAURENT SALLES by his will bearing date the 28th day of July, one thousand eight hundred and thirty-one, ordered and directed his executors to invest twenty-five thousand dollars and to pay the interest of it to his widow, as long as she remained his widow; and he then ordered and directed that the said sum of twenty-five thousand dollars should revert to and form " a part of his personal estate hereinafter bequeathed or devised to or for the benefit of his children."

The testator then made specific bequests to the French Benevolent Society, to the Roman Catholic Orphan Asylum, to his cousin Crozier, to his cousin the wife of Laguide, and to his friend Francis Ivonet; and the will proceeded:

"*Item.* I order and direct my said executors, and the survivors and survivor of them, from the income of my estate, either real or personal, to pay and appropriate such sums as may be necessary for the respectable support and education of my minor children, until each shall attain the age of twenty-one years or shall marry, and on the happening of either these events, this provision is to cease.

"*Item.* I order and direct my executors, as soon after my decease as can conveniently be done, to invest or place at interest the sum of ten thousand dollars for the sole, separate use and benefit of my daughter Cecile, wife of John Tonnelle, Jr., during her natural life, and I order and direct the interest or income thereof, from time to time, as the same shall be received, to be paid to her solely, on her own separate receipt, notwithstanding her coverture; and at the time of her decease I give the said principal sum of ten thousand dollars to her two children Laurent John Tonnelle and ——— Tonnelle, equally, if they shall both then be living, and the whole to the survivor of them in case either of them shall die before the said mother; and in case my said daughter shall survive both her said children, then and in that case I give the same to such person or persons as my said daughter shall name and appoint in and by her last will and testament, or by any instrument in writing purporting to be her last will and testament; but in case my said daughter shall survive both her said children and die without leaving such a last will and testament or instrument in writing purporting to be such, then,

at the time of her death, the said sum of ten thousand dollars so to be invested, is to be taken and considered as part of my residuary estate.

"*Item.* I order and direct my executors and the survivor or survivors of them, within a reasonable time after my decease, to invest in their names as executors of my will, for the use and benefit of my children hereinafter named, the whole of my personal estate, except so much as may be necessary for fulfilling the other requisitions of my will, in stocks, &c. and in real estate ; the amount to be invested in the purchase of real estate not to be less than one third of the whole of my personal estate, and the real estate so to be purchased is to be in fee simple, in good location and of such kind as will yield the best income ; and if any money is invested in bond and mortgages upon real estate in the cities of Albany or Troy, the same is to be selected or approved of by my executors.

"*Item.* I order and direct that there shall be paid by my executors or the survivors or survivor of them, at the several times hereinafter mentioned, and I accordingly give and bequeath unto my two daughters Jane Salles, baptized Julia, now the wife of Eugene A. Vail, and Cecile Salles, baptized Justine, now the wife of John Tonnelle, junior, of the city of New York, each the sum of twenty-five thousand dollars, to be paid as soon as conveniently may be after my decease; and to each of my other daughters *Louisa*, Emily and Josephine, the like sum of twenty-five thousand dollars as they respectively attain the age of twenty-one years ; but in case of their marriage before the age of twenty-one years, with the consent of a majority of my executors, then this instalment is to be payable on the day of their respective marriages ; the said sum to be paid to each of my said children on their own separate receipts free from the control of any husband they or either of them may have then ; and as my daughters Jane, Cecile, *Louisa*, Emelia and Josephine shall respectively attain the age of twenty-five years, there shall, in like manner, be paid to them each the further sum of twenty-five thousand dollars, saving that my executors shall be at liberty, instead of making such payments in cash to my said daughters, to invest the whole or any part thereof of the share of each, if she shall request, in real estate in the city of New

York, in the name of each or on bond and mortgage on real estate in said city or in stock of a permanent and productive nature in the names of each. In case either of my children shall die under the age at which the payments to them respectively are herein directed to be made, leaving lawful issue living at the time the payment would have been made to such child, such issue is to take the sum or sums which would have been paid to his or their parent or parents. But in case either of my said children shall so die, leaving no lawful issue living at the time such payment would have been made, such amount is to remain in and form part of my residuary estate."

The daughter Louisa married the complainant Lispenard Stewart, and died before attaining the age of twenty-five years, leaving children. Her husband, the complainant, became the general guardian of the children and administrator of the estate of his deceased wife.

The sole question to be decided was, whether the legacy of twenty-five thousand dollars, directed to be paid to his said daughter Louisa, on her attaining the age of twenty-five years, vested in her so as to go to her personal representatives—in this instance to her surviving husband, the complainant, who claimed it, or to his children?

The counsel for the complainant insisted that this legacy became vested in Louisa immediately upon the death of the testator, although payable afterwards, and that the limitation over or under the rules of law applicable to vested legacies, was wholly void; while the counsel for her children insisted that it was a contingent or conditional legacy, depending upon the lady's attaining the age of twenty-five years; and as she died before arriving at that age, leaving lawful issue living at the time⁷ she would have been entitled to receive it if alive, that, therefore, the legacy, by the express terms of the will, went to her children.

Mr. *C. W. Sandford*, for the complainant.

Mr. *Gerardus Clark*, for the children.

THE VICE-CHANCELLOR :—I deem it entirely unnecessary and unimportant to consider whether the bequest of the twenty-

five thousand dollars to the daughters, payable at the age of twenty-five years, is vested or contingent.

This is not the question upon which the case is to be determined. The question is, whether the limitation over to "lawful issue, living at the time the payment would have been made to such child," (in the event provided for) is a valid executory bequest to such issue?

I consider it is beyond a doubt that the legacies to the daughters are such as the law deems vested in interest from the death of the testator; and it was certainly competent for the testator to provide a substitute to take in the event of death before they were to vest in possession; and that event having happened with respect to Louisa, (Mrs. Stewart,) the substituted legatees become entitled. These legatees are persons who are certain and definite, namely, her children who were living at the time she would have attained the age of twenty-five years. The right to this bequest of twenty-five thousand dollars, which was in their mother, had she lived, became divested by her death, and was transferred, by force of the gift itself, to such of the children as were living at the time the payment would have been made to the mother. (See, for the law on this subject, 1 Roper on Legacies, 403, 404.)

The complainant has not, either as husband or by virtue of marital rights, nor as administrator of his wife's estate, in my judgment, the least title to receive this money. It belongs to his children; but, as their general guardian—and in that capacity only—it may be paid to him.

The decree will adjudge that this twenty-five thousand dollars belongs to the children *eo nomine*, and that the executors are at liberty to pay it to the complainant upon his receipt as their general guardian. This, indeed, it appears, by the answer, these executors (defendants) were willing and repeatedly offered to do prior to the filing of the bill: neither they nor the estate ought, consequently, to pay the costs of the suit. The complainant must bear them out of his own pocket.